**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANGELA R. CLARK, et al., )<br>)<br>Defendant. ) | No. 08-00297-CR-W-FJG |

# ORDER

Pending before the Court are (1) the Government's Motions in Limine (Doc. No. 335, 337), (2) Defendant Cynthia Jordan's Motions in Limine (Doc. No. 346, 338), and Defendant Angela Clark's Motions in Limine (Doc. No. 341).

## I. BACKGROUND

Defendants Clark, a real estate agent, and Jordan, a loan officer, are charged with conspiracy to defraud mortgage lenders through a scheme that took place between June 2005 and May 2007. The scheme involved buying and selling new homes in Lee's Summit, Missouri and Raymore, Missouri at inflated prices, obtaining mortgage loans at the inflated prices, and kicking back the excess loan proceeds to the home buyers without the lenders' knowledge. The indictment charges a total of 25 properties purchased by fifteen buyers between June 2005 and May 2007.

## II. PLAINTIFF'S MOTIONS IN LIMINE

The United States moves for an order in limine precluding any party from introducing any testimony or evidence or making arguments concerning or in reference to the following items of evidence.

### A. Motion Regarding Personal Information of Defendant Jerome Howard and Non-Parties (Doc. No. 335)

Preclude as irrelevant and immaterial pursuant to F.R.E. 401 and 402, any evidence or testimony that, "refers to, mentions, or discloses personal information of defendant Jerome Howard and/or personal information of non-parties, derived from the emails produced by the government in discovery, obtained from defendant Howard."

Clark opposes because the proposed excluded category is general and vague. The government does nothing to further define the exhibits or potential exhibits it wants excluded; thus, "there is no way to conclude whether the referenced documents and emails are relevant to the issues in this case."

**Ruling:** Provisionally overruled, provided the Government specifies which documents it seeks to exclude.

### B. Motion Regarding Advice of Counsel (Doc. No. 336)

Prohibit defendant Clark from introducing or referring to advice of counsel, unless and until the defendant has laid the proper foundation.

Unopposed.

**Ruling:** Sustained.

### C. Motion Regarding Impeachment of Witnesses (Doc. No. 337)

Prohibit the defense from cross-examining Government witnesses with prior convictions that are misdemeanors, or that are more than ten years old.

Unopposed.

**Ruling:** Sustained.

## II. DEFENDANT CYNTHIA JORDAN'S MOTIONS IN LIMINE

Defendant Cynthia Jordan moves for an order in limine precluding any party from introducing any testimony or evidence or making arguments concerning or in reference to the following items of evidence.

### A. Motion to Preclude Testimony of Government Expert Witnesses Regarding Whether Defendant had the Requisite Mental State for the Crimes Charged (Doc. No. 346)

Preclude the government's proposed expert testimony regarding what Jordan knew or did not know about whether the buyers income, employment, intent to occupy and assets were accurate on their loan applications, and whether Jordan knew buyers were getting money back outside of the closings. Defendant Jordan argues such testimony is inadmissible under FRE 704(b) because Jordan's mental state is an element of the crimes charged.

The government responds that it "does not intend to elicit testimony from any of its expert witnesses as to whether defendant Jordan had the mental state or condition constituting an element of the crimes charged."

**Ruling:** Sustained.

### B. Motion to Preclude the Testimony of Expert Witness Sandra G. Thomas (Doc. No. 338)

Defendant Jordan seeks to preclude the testimony of Thomas on two grounds: (1) Thomas's Disclosure Fails to Satisfy Rule 16's Standards Because it Fails to Describe the Bases and Reasons for Her Opinions, and (2) Thomas's Proposed Testimony Fails to Meet Fed. Rule of Evidence 702's Standards Because it Does Not Have a Reliable Foundation and is Speculative.

The government responds the expert witness disclosure satisfies the requirements of Fed. R. Crim. Pro. 16(a)(1)(G), as it contains Thomas's qualifications, both in summary form and with a resume, and a written summary of the bases and reasons for her opinions. Further, the witness disclosure complies with F.R.E 702 because it is technical and/or specialized knowledge which will assist the jury in understanding the evidence and determining the facts at issue.

**Ruling**: Provisionally overruled, contingent upon the government providing additional information about Thomas' testimony regarding fiduciary duties.

## III. DEFENDANT CLARK'S MOTIONS IN LIMINE

Defendant Angela Clark moves for an order in limine precluding any party from introducing any testimony or evidence or making arguments concerning or in reference to the following items of evidence.

### A. References to "Mortgage Fraud"

Clark argues the term should be precluded under F.R.E. 403 because it "is argumentative, misleading, as is imbued with prejudice that far outweighs any probative value."

The government intends to use the term "mortgage fraud" primarily in opening statement and closing arguments, and to propose the term "mortgage fraud" for use in voir dire. The government does not intend to use the phrase "mortgage meltdown."

**Ruling**: The Court declines to rule on this motion at this time, pending resolution by the parties.


### B. Pleas by Other Defendants

Defendant Clark seeks to limit the testimony of co-defendants or related case defendants that have pleaded guilty. The Government may introduce the fact that several witnesses have pleaded guilty to the conspiracy charge, but the Government "should be precluded from offering evidence at trial that they pleaded guilty to a conspiracy with Angela Clark." A witness's plea cannot be used as substantive evidence of the defendant's guilt.

The government intends to call several co-defendants to testify regarding the scheme, their own and others parts in it, and their knowledge of the facts. They will be asked if they were charged in the same indictment and have pleaded guilty, including that they pleaded guilty to Count One- conspiracy. The government does not intend to ask those witnesses whether they conspired with Clark specifically, but the fact is that Clark is also being charged in Count One.

**Ruling:** Overruled.

### C. Evidence of Administrative Action Related to Angela Clark's Missouri Real Estate License

Defendant Clark seeks to prohibit reference to an administrative proceeding the Missouri Real Estate Commission initiated against Clark in 2004. The claims in the administrative proceeding are not relevant to the offenses alleged in the Indictment, are not within the temporal span of the alleged conspiracy, and did not result in the loss of Clark's license, or in any disciplinary action against her.

The government does not intend to offer evidence about the 2004 action.

**Ruling**: <u>Sustained.</u>

### D.  Evidence of Loss Claimed by Lenders or Others

Defendant Clark seeks an order prohibiting evidence of loss claimed by lenders or others.  The alleged losses in this case are a result of the default by the borrowers on the mortgages.  The alleged losses occurred after the alleged fraudulent acts occurred, and thus, are not part of the fraudulent conduct and are not an element of what the jury must find to return a guilty verdict against Clark on any of the charges.

The government does not intend to offer evidence regarding the amount of loss sustained by the lenders, although there will be evidence regarding the amount of loans obtained, the kickbacks and commissions paid, other monies flowing from the scheme and the loans that went into default.

**Ruling**: <u>Sustained; however, evidence regarding the amount of loans obtained, the kickbacks and commissions paid, and other monies flowing from the scheme and the loans that went into default, is admissible.</u>

### E.  The Government Should be Precluded from Eliciting "Mirroring Hypotheticals" from Its Experts or Using Terminology Designed to Elicit Statements Concerning the Defendant's Mental State.

Defendant Clark argues the Court should preclude "mirroring hypotheticals" in which the expert states an opinion which includes or provides an inference as to Clark's mental state or condition in connection with the crimes charged.  F.R.E 704(b) provides that no expert may state an opinion or inference as to whether the defendant had the mental state or condition constituting an element of the crime charged or of a defense thereto.  The mental state or condition of a defendant, such as whether the defendant possessed requisite intent, is an ultimate issue for the trier of fact.

The government responds that it is not "direct expert testimony" concerning Clark's mental state to ask whether certain actions in connection with loans are red flags to a lender: for instance, (1) that the prices of the homes were increased by substantial amounts on the properties previously in the Multiple Listing Service; (2) that the buyers were to receive between $65,000 and $125,000 cash back from the loan proceeds after closing; (3) that the buyers were told to set up companies to receive cash back from the loan proceeds; and (4) the buyers were told to set up bank accounts in the names of those companies into which to deposit the funds.  Testimony regarding "red flags of fraud" goes to factors the lender or witness looks for, which may cause further scrutiny, and which (if known) would cause the lender to disapprove a loan.

Such testimony does not elicit direct expert testimony as to the defendant's mental state.

**Ruling**: <u>Overruled.</u>

F. **The Government Should be Precluded from Asserting, Referencing, or Eliciting Testimony from its Expert Witness, Sandra G. Thomas, as to the Duties of a Real Estate Agent in Lending Transactions, Including Whether a Fiduciary Duty Exists.**

Real estate agents in Missouri have no fiduciary duty to lenders, and have no duty to independently verify the accuracy or completeness of statements made by the client. Agents are not subject to criminal liability for breaches of their fiduciary duty set forth in Mo. Rev. Stat. §339.710-860. Allowing the breach of fiduciary duty concept to be introduced in a criminal case also presents a very real risk of misleading the jurors and of jurors ultimately basing their verdicts on their belief that fiduciary duties were violated, rather than the violation of criminal statutes.

The government intends to solicit testimony regarding the relationships and duties of the various parties to a real estate and lending transaction. The government does not intend to solicit testimony that would indicate any criminal liability arising from the mere fact of such a relationship. Clark's knowledge, training, experience and duties and responsibilities are relevant to the issue of her intent- which is an element of the offenses, and which the government must prove. If the defendant believes Thomas's testimony is inaccurate, that is a matter for cross-examination. Any risk the jury may be misled or confused can be eliminated by a limiting instruction.

**Ruling**: <u>Overruled.</u>

G. **The Government Should be Precluded from Asserting, Referencing, or Eliciting Testimony from its Expert Witnesses, Sandra G. Thomas and Jan Pringle as to the "Consequences" When Settlement Service Providers' Duties Are Breached in Lending Transactions, Why They Believe That Certain Reviewed Transactions Are "Suspect and Raise Red Flags," or Why the Charged Misrepresentations Are Significant to Lenders, As it is Argumentative and Invades the Province of the Jury.**

Whether and to what extent certain information is "significant" to lenders amounts to speculation and equates the "significance" of certain information to the "materiality" the jury must find pursuant to the definition of "scheme to defraud" the jury will hear. Further, use of the term "red flags of fraud" opines on the

defendant's mental state and insinuates intent in violation of Rule 704(b). The term also embraces an ultimate issue which is a matter for the trier of fact.

The government responds such evidence is all relevant and admissible. Whether certain information is significant to lenders is precisely within the province of expert testimony; it is technical and specialized knowledge that will assist the jury to determine a fact in issue (i.e. materiality) but does not make the decision for them. Testimony is also admissible as to the consequences when settlement service providers' duties are reached. When lenders rely on misrepresentations and omissions of material facts, they make loans and authorize funds to be disbursed. The consequences are part of the scheme charged.

**Ruling:** Overruled.

**H.    The Government Should Be Precluded from Asserting, Referencing, or Eliciting Testimony from its Expert Witnesses, Mark Brewster, Bonnie Maret, Douglas Morris, Kevin Patterson, John Strong, and Jan Pringle, as to the Impact of Loan Defaults on the Neighborhoods, As Such Evidence is Irrelevant, Argumentative, and Invades the Province of the Jury.**

Evidence of something as subjective as "impact on the neighborhood" is wholly irrelevant- it is not an element of the offenses charged, was not mentioned in the indictment, and would be offered for no purpose other than to inflame the jury. Such evidence would only be arguably relevant at a sentencing hearing.

The government responds that testimony as to the impact of the transactions at issue is relevant to multiple issues, including knowledge and intent, and the conspiracy. The evidence will show that after defendant sold the houses, the houses were left unoccupied, not cared for, and not maintained, in neighborhoods in which defendant continued to sell and be active. The condition and state of these houses affected market and values in the neighborhood. This evidence is relevant under F.R.E 402, and the probative value is not substantially outweighed by the danger of unfair prejudice, confusion, or otherwise under F.R.E 403.

**Ruling**: Sustained.

**IT IS SO ORDERED**.

Dated:   05/13/10                                  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                   Chief United States District Judge