**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-00297-CR-W-FJG |
| ) | |
| ANGELA R. CLARK, et al., ) | |
| ) | |
| Defendant. ) | |

# ORDER

On April 23, 2010, the government filed a Notice of Its Intent to Offer Evidence of Other Crimes that are Inextricably Intertwined with the Charged Offenses or in the Alternative Under Federal Rule of Evidence 404(b) (Doc. No. 328). Defendant Angela Clark filed Objections to Governments Notice of Concurrent Acts and/or Rule 404(b) Notice (Doc. No. 353).

The government seeks to present evidence of two real estate transactions involving Clark related to properties that are not charged in the indictment.[1] The government believes the evidence of the transactions is necessary to fully explain the defendant's involvement in the charged transactions.

As to the property located at 192 Hidden Ridge, Lee's Summit, Missouri, defendant Clark and her husband bought the home on April 28, 2005, for $655,000. The loan paperwork contained false statements as to Clark's occupancy. On June 3, 2005, Clark sold the home for $895,000. The government thus argues there are

---

[1] (1) 192 NE Hidden Ridge, Lee's Summit, Missouri; and (2) 329 Canter Circle, Lee's Summit Missouri.

similarities between Clark's purchase of the Hidden Ridge property, including inflation of the price of the home, loan paperwork that included false statements, and the buyer received cash back after closing.

As to the second transaction involving a property located at 329 Canter Circle, Lee's Summit, Missouri, Clark was the listing agent for the property. On June 24, 2005, Clark and the builder increased the price of the house from $379 to $496,000, and on the same day, sold the home for $495,400. After closing, a payment of $107,500 was made to a company which was owned by an associate of the home buyer. Thus, Clark was involved in the inflation of the price of the home, and the payment of loan proceeds to the third party company associated with the buyer. The government argues the evidence of these two transactions is relevant to Clark's motive, intent, plan, knowledge, identity, and absence of mistake or accident to commit the present offenses.

Evidence is admissible under Rule 404(b) when the crime is: (1) relevant to a material issue, (2) similar in kind and reasonably close in time to the crime charged, (3) supported by sufficient evidence, and (4) such that its probative value is not substantially outweighed by its prejudicial effect. United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir. 2002). The Court finds evidence of the two transactions involving the Hidden Ridge and Canter Circle properties are admissible under F.R.E 404(b) because they are each relevant to demonstrate Clark's knowledge and intent behind the scheme charged in the indictment. Further, the Hidden Ridge transaction occurred on April 28, 2005, and the Canter Circle transaction took place on June 24, 2005; thus, both property transactions occurred during the charged conspiracy time frame. Co-defendant Ron Brown will testify as to the transactions, thereby providing

sufficient evidence in addition to the exhibits the government offers into evidence. Finally, the probative value substantially outweighs any prejudice to the defendant since the transactions are of the same character as to those charged in the indictment, and each has probative value as to Clark's knowledge, intent and plan behind the charged crimes.

Accordingly, the government has provided adequate notice of its intent to introduce evidence under F.R.E. 404(b). Evidence of the property transactions involving Hidden Ridge and Canter Circle is admissible.

**IT IS SO ORDERED**.

Dated:  05/14/10     .  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.  Fernando J. Gaitan, Jr.
  Chief United States District Judge